Per A. Ramfjord, OSB No. 934024
per.ramfjord@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Christopher J. Renk, ILSB No. 6199012
crenk@bannerwitcoff.com
Erik S. Maurer, ILSB No. 6275467
emaurer@bannerwitcoff.com
Michael J. Harris, ILSB No. 6280168
mharris@bannerwitcoff.com
Audra C. Eidem Heinze, ILSB No. 6299717
aheinze@bannerwitcoff.com
Aaron Bowling, ILSB No. 6312394
abowling@bannerwitcoff.com
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone:  (312) 463-5000
Facsimile:  (312) 463-5001
*Pro Hac Vice Pending*

Attorneys for Plaintiff Nike, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NIKE, INC., an Oregon corporation, | Case No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| SKECHERS U.S.A., INC., a Delaware corporation, | **(35 U.S.C. § 101)** |
| Defendant. | **JURY TRIAL REQUESTED** |

Page 1   -   COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nike, Inc. ("NIKE"), for its Complaint against Defendant Skechers U.S.A., Inc. ("Skechers"), alleges as follows:

## INTRODUCTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.* NIKE owns exclusive rights in the ornamental designs claimed in United States Design Patent Nos. D696,853; D700,423; and D707,032, each titled "Shoe Upper," and D723,772; D723,781; D723,783; D725,356; and D725,359, each titled "Shoe Sole" (collectively, the "NIKE Patents").

2. Skechers has used and continues to use the claimed designs of the NIKE Patents, without NIKE's permission, on shoes that Skechers makes, uses, offers for sale, sells, and/or imports into the United States.

3. NIKE seeks, among other relief, an injunction preventing Skechers from further infringing the NIKE Patents, and damages and/or a disgorgement of Skechers' profits from its patent infringements.

## THE PARTIES

4. NIKE is a corporation organized and existing under the laws of the State of Oregon with a principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

5. On information and belief, Skechers is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 228 Manhattan Beach Boulevard, Manhattan Beach, California 90266.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Skechers at least because Skechers transacts and solicits business in the State of Oregon, including with respect to shoes that infringe the NIKE Patents, and because Skechers is committing and has committed acts of patent infringement in the State of Oregon, at least by selling and offering to sell shoes that infringe the NIKE Patents in Oregon.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 at least because Skechers resides in this district by transacting and soliciting business in this district, including with respect to shoes that infringe the NIKE Patents, and committing acts of patent infringement in this district by selling and offering to sell shoes that infringe the NIKE Patents.

## FACTUAL ALLEGATIONS

A. **The NIKE Patents**

9. For many years, NIKE has designed, developed, made, and sold a wide array of athletic and fashion footwear, apparel, and sports equipment.

10. NIKE has taken steps to protect its innovative designs, including its footwear-related designs. In particular, NIKE owns various United States design patents relating to its footwear designs. Relevant to this dispute, NIKE owns all right, title, and interest in, and has the right to sue and recover for past, present, and future infringement of, each of the NIKE Patents identified in Table 1 from the date each patent duly and legally issued to NIKE. A copy of each NIKE Patent is attached to this Complaint as indicated in Table 1.

| Table 1: The NIKE Patents |||| 
|---|---|---|---|
| **U.S. Patent Number** | **Title** | **Issue Date of Patent** | **Complaint Exhibit** |
| D696,853 (the "'853 Patent") | Shoe Upper | January 7, 2014 | A |
| D700,423 (the "'423 Patent") | Shoe Upper | March 4, 2014 | B |
| D707,032 (the "'032 Patent") | Shoe Upper | June 17, 2014 | C |
| D723,772 (the "'772 Patent") | Shoe Sole | March 10, 2015 | D |
| D723,781 (the "'781 Patent") | Shoe Sole | March 10, 2015 | E |
| D723,783 (the "'783 Patent") | Shoe Sole | March 10, 2015 | F |
| D725,356 (the "'356 Patent") | Shoe Sole | March 31, 2015 | G |
| D725,359 (the "'359 Patent") | Shoe Sole | March 31, 2015 | H |

11. The NIKE Patents are presumed to be valid.

**B.  Skechers' Infringing Activities**

12. On information and belief, without NIKE's authorization, Skechers made, used, offered for sale, sold, and/or imported into the United States shoes having designs that violate the NIKE Patents (hereafter, the "Infringing Shoes"). The Infringing Shoes include at least products identified by the model names: Skechers' Burst, Women's Flex Appeal, Men's Flex Advantage, Girl's Skech Appeal, and Boy's Flex Advantage shoes, as well as Skechers' shoes bearing the same or substantially similar infringing designs, regardless of model name.

13. On information and belief, the overall appearance of the designs of the NIKE Patents and the corresponding designs of Skechers' Infringing Shoes are substantially the same.

14. On information and belief, an ordinary observer will perceive the overall appearance of the designs of the NIKE Patents and the corresponding designs of Skechers' Infringing Shoes to be substantially the same. For example, a recent article describes the Skechers' Burst Infringing Shoe as having "ripped off" NIKE's "Flyknit" design that is covered by the '853, '423, and '032 Patents, as shown in Illustration 1 below. The complete article is attached to the Complaint as Exhibit I.

| Illustration 1: Complex.com Article About Skechers' Burst Infringing Shoe |
|---|
|  |

15. Tables 2 through 8 below illustrate Skechers' infringement by comparing figures from the NIKE Patents with exemplary images of Infringing Shoes.



| Table 2: Comparison of '853 Patent with Exemplary Infringing Shoes ||
|---|---|
| **'853 Patent Figures** | **Exemplary Infringing Shoes** |
| FIG. 1 | Women's Burst / Men's Burst |
| FIG. 2 | Women's Burst / Men's Burst |

Page 5 - COMPLAINT FOR PATENT INFRINGEMENT





| Table 5: Comparison of '772 Patent with Exemplary Infringing Shoes ||
|---|---|
| **'772 Patent Figures** | **Exemplary Infringing Shoes** |
| FIG. 2 | Women's Flex Appeal / Men's Flex Advantage <br> Girls' Skech Appeal / Boys' Flex Advantage |
| FIG. 5 | Women's Flex Appeal / Men's Flex Advantage <br> Girls' Skech Appeal / Boys' Flex Advantage |

Page 7   -   COMPLAINT FOR PATENT INFRINGEMENT

80809937.1 0063718-00217

| Table 6: Comparison of '781 Patent with Exemplary Infringing Shoes ||
|---|---|
| **'781 Patent Figures** | **Exemplary Infringing Shoes** |
| FIG. 1 | Women's Flex Appeal / Men's Flex Advantage / Girls' Skech Appeal / Boys' Flex Advantage |
| FIG. 3 | Women's Flex Appeal / Men's Flex Advantage / Girls' Skech Appeal / Boys' Flex Advantage |

| Table 7: Comparison of '783 Patent with Exemplary Infringing Shoes ||
|---|---|
| **'783 Patent Figures** | **Exemplary Infringing Shoes** |
| FIG. 1 | Women's Flex Appeal / Men's Flex Advantage <br><br> Girls' Skech Appeal / Boys' Flex Advantage |
| FIG. 3 | Women's Flex Appeal / Men's Flex Advantage <br><br> Girls' Skech Appeal / Boys' Flex Advantage |

Page 9   -   COMPLAINT FOR PATENT INFRINGEMENT

80809937.1 0063718-00217

| Table 8: Comparison of '356 Patent with Exemplary Infringing Shoes ||
|---|---|
| **'356 Patent Figures** | **Exemplary Infringing Shoes** |
| FIG. 2 | Women's Flex Appeal / Men's Flex Advantage <br><br> Girls' Skech Appeal / Boys' Flex Advantage |
| FIG. 5 | Women's Flex Appeal / Men's Flex Advantage <br><br> Girls' Skech Appeal / Boys' Flex Advantage |

Page 10 - COMPLAINT FOR PATENT INFRINGEMENT

80809937.1 0063718-00217



16. On information and belief, Skechers intended to copy the designs covered by the NIKE Patents.

17. On information and belief, Skechers sells and offers to sell its shoes, including the Infringing Shoes, directly to end-user customers through its e-commerce websites and its own retail stores, as well as to third-party resellers, such as department and specialty stores, through its wholesale distribution channel. (*See, e.g.*, Exhibit J, Skechers' Form 10-K at 2, 9–10.)

Page 11 - COMPLAINT FOR PATENT INFRINGEMENT

80809937.1 0063718-00217

18.     Skechers sells and offers to sell Infringing Shoes directly to end-user customers in the United States, including in Oregon.  Third-party resellers also sell and offer to sell the Infringing Shoes in the United States, including in Oregon.  For example, Exhibit K attached shows Infringing Shoes for sale on www.kohls.com, which, on information and belief, were distributed through Skechers' wholesale distribution channel, as well as a map showing Kohl's locations in the Portland, Oregon area.

19.     On information and belief, Skechers has infringed and continues to infringe the NIKE Patents within the meaning of 35 U.S.C. § 271 at least by making, using, selling, offering to sell, and/or importing the Infringing Shoes into the United States without NIKE's authorization.

## FIRST CLAIM FOR RELIEF

### (Infringement Under 35 U.S.C. § 271 of the NIKE Patents)

20.     NIKE re-alleges and incorporates by reference the allegations set forth in paragraphs 1–20 of this Complaint.

21.     Skechers, without authorization from NIKE, has made, used, offered for sale, sold, and/or imported in or into the United States, and continues to make, use, offer for sale, sell, and/or import in or into the United States, shoes having designs that infringe the NIKE Patents.

22.     NIKE has been and will continue to be irreparably harmed by Skechers' infringements of the NIKE Patents

**WHEREFORE**, NIKE respectfully requests that the Court grant the following relief:

1. A judgment that Skechers infringed each of the NIKE Patents;

2. A permanent injunction enjoining Skechers, and all persons acting in concert with Skechers, from infringing each of the NIKE Patents;

3. A judgment and order requiring Skechers to pay NIKE all damages caused by Skechers' infringement of each of the NIKE Patents (but in no event less than a reasonable royalty) pursuant to 35 U.S.C. § 284, or the total profit made by Skechers from its infringement of each of the NIKE Patents pursuant to 35 U.S.C. § 289;

4. A judgment and order requiring Skechers to pay NIKE supplemental damages or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

5. A judgment and order requiring Skechers to pay NIKE increased damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

6. A judgment and order requiring Skechers to pay NIKE pre-judgment and post-judgment interest on any damages or profits awarded;

7. A determination that this action is an exceptional case pursuant to 35 U.S.C. § 285;

8. An award of NIKE's attorneys' fees for bringing and prosecuting this action;

9. An award of NIKE's costs and expenses incurred in bringing and prosecuting this action; and

10. Such further and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

NIKE hereby demands a jury for all issues so triable.

DATED: January 4, 2016.

STOEL RIVES LLP

*/s/ Per A. Ramfjord*
PER A. RAMFJORD, OSB No. 934024
per.ramfjord@stoel.com

BANNER & WITCOFF, LTD.
Christopher J. Renk, ILSB No. 6199012
crenk@bannerwitcoff.com
Erik S. Maurer, ILSB No. 6275467
emaurer@bannerwitcoff.com
Michael J. Harris, ILSB No. 6280168
mharris@bannerwitcoff.com
Audra C. Eidem Heinze, ILSB No. 6299717
aheinze@bannerwitcoff.com
Aaron P. Bowling, ILSB No. 6312394
abowling@bannerwitcoff.com
*Pro Hac Vice Pending*

Attorneys for Plaintiff Nike, Inc.