Jeffrey T. Thomas, SBN 106409
 jtthomas@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Sean S. Twomey, SBN 279527
 stwomey@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7284
Facsimile: (213) 229-6284.

Christopher J. Renk (admitted *pro hac vice*)
 crenk@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

*[Additional Counsel Listed on Signature Page]*

*Attorneys for Plaintiff Nike, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKE, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>SKECHERS, U.S.A., INC.,<br><br>    Defendant. | Case No. 2:17-cv-08509-JAK (Ex)<br><br>**NIKE, INC.'S MEMORANDUM IN SUPPORT OF ITS *DAUBERT* MOTION TO EXCLUDE CERTAIN TESTIMONY OF SKECHERS, USA, INC.'S EXPERT WITNESSES**<br><br>(Declaration of K. Riester filed herewith)<br><br>**Hearing**<br>Date: February 24, 2020<br>Time: 8:30 a.m.<br>Judge: Hon. John A. Kronstadt<br>Place: First Street Courthouse, Courtroom 10B |

## I. Introduction

Skechers seeks to offer expert testimony at trial that is irrelevant, unfairly prejudicial, confusing, and misleading. NIKE therefore moves the Court to exclude that testimony, including certain testimony from Sarah Butler ("Butler"), Ryan Sullivan ("Sullivan"), and Bruce Stoner ("Stoner").

Butler is a survey expert. Her testimony should be excluded in its entirety. She conducted a consumer survey measuring consumer "preference" for Skechers' infringing shoes compared to non-accused shoes. But consumer "preference" is not relevant to any issue in this case. And Butler's testimony, if admitted, will confuse and mislead the jury into an improper apportionment analysis for damages.

Sullivan is a damages expert. His testimony regarding "economic contributions" should be excluded because it relates to apportioning Skechers' profits to the use of the patented design, which is irrelevant to the damages issues in this case. His testimony regarding alleged "other costs" Skechers incurred in selling infringing shoes should also be excluded because he conceded he cannot make a "***reliable*** determination of the [deductible] amount."

Stoner is a patent attorney. His testimony regarding legal issues should be excluded. He improperly attempts to instruct the jury on patent law and offers legal conclusions on issues that are for the Court to decide and which the Court already decided in its Claim Construction Order. He also cannot offer testimony on issues determined from the perspective of the designer of ordinary skill in the art, because he admittedly is not one.

## II. Legal Standard

Rule 702, Fed. R. Evid., creates a "gatekeeping role for the judge" to ensure that an "expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The burden of establishing the admissibility of expert testimony falls on its proponent. *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

Even if Rule 702 is satisfied, expert testimony should be excluded under Rule 403, Fed. R. Evid., "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury."

### III. Butler's Testimony Should Be Excluded In Its Entirety

NIKE seeks Skechers' "total profit" from its sales of infringing shoes under 35 U.S.C. § 289. Determining profits under § 289 involves two steps: (1) "identify the 'article of manufacture' to which the infringed design has been applied;" and (2) "calculate the infringer's total profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016). Skechers is liable for all the profits it received from sales of the article of manufacture, even if the article's other non-patented attributes drove those sales. *Id.* at 432–33; *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1442–43 (Fed. Cir. 1998) (Congress removed "the need to apportion the infringer's profits between the patented design and the article bearing the design" when it passed the Act of 1887, which was codified under § 289). Skechers is not permitted to apportion its profits to only those that are attributable to the infringing design. *Id.*

The parties dispute whether the article of manufacture ("AOM") is the entire infringing shoe (as NIKE contends) or only a portion of the shoe (as Skechers contends). The appellate courts have not articulated a test for determining the AOM. *Samsung*, 137 S. Ct. at 436; *Apple Inc. v. Samsung Elecs. Co.*, 678 F. App'x 1012, 1014 (Fed. Cir. 2017).

Skechers contends Butler's survey and testimony relate to one potential consideration—floated by the U.S. Solicitor General in an *amicus curiae* brief—relating to the "prominence" of the design. (Ex. A, ¶¶ 8, 19.)[1] The SG's "consideration" is not law, nor has it been adopted by the Supreme Court or Federal Circuit. *Samsung*, 137 S. Ct. at 436; *Apple*, 678 F. App'x at 1014. Should this Court

---

[1] Cited exhibits are attached to the Declaration of Kurt Riester, filed herewith.

adopt the SG's considerations, Butler's survey and testimony are irrelevant to "the relative prominence of the design within the product as a whole."

Butler's survey measured consumer "preference" for certain infringing shoes compared to other non-infringing shoes, (Ex. A, ¶¶ 8–13), not the "relative prominence" of the infringing design within an infringing shoe as a whole. Her survey presented respondents with images of infringing shoes and non-infringing shoes and asked them to rank shoes from most "preferred," to least "preferred." (*Id*., ¶¶ 39–54.) But consumer "preference" for a design is not the same as, nor a proxy for, the design's "relative prominence" within the product as a whole. (Ex. B, ¶¶ 16–26.) A respondent may like one design more than another (preference) even though that design is not the most eye-catching (prominent). (*Id*., ¶¶ 23–25.)

Butler incorrectly equates "prominence" with how much a design on an AOM drives "preference." (*Id*., ¶ 26.) She never attempts to measure how prominent, or eye-catching, the accused design is in the context of the shoe as a whole. (*Id*.) And she provides no legal or academic support for using "preference" as a proxy for "relative prominence," (Ex. A), nor is she aware of any (Ex. C, 157:3–22).

Butler's testimony, therefore, should be excluded in its entirety because it is irrelevant to the issues in this case and unreliable. *Mattel, Inc. v. MGA Entm't, Inc.*, No. 04-9049, 2011 WL 13128409, at *5 (C.D. Cal. Jan. 26, 2011) (excluding expert whose survey asked the wrong questions and was irrelevant); *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 297 (2d Cir. 1999) (same); *J & J Snack Foods, Corp. v. Earthgrains Co.*, 220 F. Supp. 2d 358, 370 (D.N.J. 2002) ("Above all, the survey's design must fit the issue which is to be decided by the jury, and not some inaccurate restatement of the issue, lest the survey findings inject confusion or inappropriate definitions into evidence, confounding rather than assisting the jury.").

Furthermore, the probative value, if any, of Butler's testimony is substantially outweighed by a danger of unfair prejudice and confusing and misleading the jury. Her testimony will confuse and mislead the jury into an improper apportionment

analysis for damages. That is, Skechers may argue that Butler's survey shows Skechers' profits on its infringing shoes are not attributable to NIKE's patented designs. But Congress enacted § 289 specifically to preclude that type of apportionment. *Nike*, 138 F.3d at 1442–43.

### IV. Sullivan's Testimony Regarding "Economic Contributions" And "Other Costs" Should Be Excluded

Sullivan's opinions in Section 6 of his report should be excluded because they are irrelevant, unfairly prejudicial, confusing, and misleading. (Ex. D, ¶¶ 81, 86–125.) Sullivan seeks to provide opinions on "factors contribut[ing] to sales of the accused products that are not covered by the patents-in-suit." (*Id.*, ¶ 81.) None of this testimony is relevant to the calculation of "total profits," which is revenues minus costs directly attributable to the manufacture or sale of infringing shoes. *Nike*, 138 F.3d at 1447. Indeed, Sullivan conceded on cross-examination that Section 6 of his report does not calculate any revenue from infringing shoes or deductible costs incurred in those sales. (Ex. E, 116:13–117:15.) Instead, this testimony is another attempt by Skechers to apportion its profits to the use of the patented design, which is irrelevant under § 289. This testimony should be excluded. *Apple, Inc. v. Samsung Elecs Co., Ltd.*, No. 11-01846, Dkt. 1157, at 9 (N.D. Cal. June 29, 2012) (excluding opinions that attempted to apportion profits for design patent infringement).

Sullivan's opinions in Section 8 of his report regarding categories of "other costs" that Skechers incurred in selling infringing shoes should be excluded because Sullivan admits they are unreliable. (Ex. D, ¶¶ 337–388; Ex. E, 146:5–147:3.) For each of these costs, Sullivan provides a total cost Skechers allegedly incurred, but he does not go on to deduct them. (*Id.*.) He admitted he did not deduct them because "reliable determination of the amount deductible is not feasible based on information available." (Ex. D, ¶ 337.) Skechers, nonetheless, wants Sullivan to testify about these "other costs" so the jury will deduct them and award NIKE a lower damages

amount, even though Sullivan could not, and did not, deduct them himself. Sullivan should be precluded from doing so.

## V. Stoner's Testimony Regarding Questions Of Law Should Be Excluded

Stoner's testimony on questions of law should be excluded, including at least his testimony regarding claim construction, the scope of NIKE's patents, prosecution history estoppel, prosecution history disclaimer, obviousness, and the doctrine of equivalents. Stoner's proffered testimony far exceeds the bounds of admissible patent-law expert testimony (*e.g.* Patent Office practices and procedures) because it intrudes on the Court's role to determine and instruct the jury on the applicable law and scope of the claims.

The Court, "in its role as gatekeeper, must exclude expert testimony that … invades the province of the jury to find facts and that of the court to make ultimate legal conclusions." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2008). Indeed, a technically unqualified patent attorney "can do much mischief by leading the jury to seemingly sound conclusions without ever providing a well-grounded factual basis in the pertinent art." *Id.* at 1365 n.8. Courts thus routinely exclude the testimony of "patent law" experts when, like Stoner, that testimony extends beyond general Patent Office practices and procedures. *Id.* at 1361; *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. 98-2364, 2003 WL 1610781, at *9–*10 (D. Minn. Mar. 8, 2003); *In re Wellbutrin SR Antitrust Litig.,* No. 04-5525, 2010 WL 8425189, at *6 (E.D. Pa. Mar. 31, 2010).

Stoner attempts to frame his testimony as "USPTO patent policy, practice, and procedure." (Ex. F, ¶ 16.) But his report goes far beyond this subject matter. Stoner's proffered opinions purport to instruct the jury on the law relating to obviousness (*id.* ¶ 58), prosecution history disclaimer (*id.*, ¶¶ 168–73, 329), prosecution history estoppel (*id.*), the doctrine of equivalents (*id.* ¶ 171), the duty of candor before the PTO (*id.* ¶¶ 167, 330), and other legal issues (*id.* ¶ 57, 59).

1    Stoner then proffers his opinion on the purported "significance" of statements NIKE made to the PTO during prosecution of the asserted patents and *inter partes* review ("IPR") proceedings before the Patent Trial and Appeal Board ("PTAB"), as well as the purported impact of those statements in the context of prosecution history estoppel and prosecution history disclaimer. (*Id.* ¶¶ 6, 327–28, 331.) But claim construction and application of prosecution history estoppel and prosecution history disclaimer are questions of law for the Court—not an expert—to decide. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970–71 (Fed. Cir. 1995) (en banc), *aff'd,* 517 U.S. 370 (1996); *Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1358 (Fed. Cir. 2001); *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1342 (Fed. Cir. 2009).

To compound matters, Stoner admits he is not a designer of ordinary skill in the art. (Ex. G, 188:4–6; 18:2–19:5.) Thus, he is not qualified to offer an opinion on the scope of the asserted claims, claim construction, what a prior art reference discloses, obviousness, or infringement. *Sundance*, 550 F.3d at 1361; *id*. n.3.

Significantly, this Court already addressed issues relating to claim construction and prosecution history disclaimer in its Claim Construction Order. (Dkt. 281, 15–19.) Stoner admits he did not consider or even review the Court's Order in forming his opinions. (Ex. G, 172:11–173:6.) This is not surprising because Stoner's proffered testimony is often inconsistent with the Court's Order. (*Id.*, 188:15–194:10; Ex. F, ¶¶ 173, 327–29.)

In sum, because Stoner's opinions on claim construction, the scope of the asserted designs, prosecution history disclaimer and estoppel, obviousness, and the doctrine of equivalents (1) are legal issues for the Court to decide; (2) will not help the trier of fact to understand the evidence or to determine a fact in issue; and (3) present a significant risk of unfair prejudice, confusing the issues, and misleading the jury that substantially outweighs the probative value of any such testimony, the Court should exclude them.

| | | |
|---|---|---|
| 1 | Dated: October 28, 2019 | GIBSON, DUNN & CRUTCHER LLP |
| 2 | | |
| 3 | | By:  /s/Jeffrey T. Thomas |
| 4 | | Jeffrey T. Thomas, SBN 106409 |
| | | jtthomas@gibsondunn.com |
| 5 | | Sean S. Twomey, SBN 279527 |
| 6 | | stwomey@gibsondunn.com |

GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Christopher J. Renk (admitted *pro hac vice*)
  crenk@bannerwitcoff.com
Michael J. Harris (admitted *pro hac vice*)
  mharris@bannerwitcoff.com
Audra C. Eidem Heinze (admitted *pro hac vice*)
  aheinze@bannerwitcoff.com
Matthew P. Becker (admitted *pro hac vice*)
  mbecker@bannerwitcoff.com
Kurt C. Riester (admitted *pro hac vice*)
  kriester@bannerwitcoff.com

BANNER & WITCOFF, LTD
71 South Wacker Drive
Suite 3600
Chicago, IL 60606
Telephone:  (312) 463-5000
Facsimile:  (312) 463-5001

*Attorneys for Plaintiff NIKE, Inc.*

**CERTIFICATE OF WORD COUNT**

     The undersigned hereby certifies, in accordance with and reliance on the word count provided by the word-processing system used to prepare this document, that the number of words in this paper, exclusive of the caption page and signature block, is 2018.

Dated: October 28, 2019                    By:  <u>/s/*Kurt C. Riester*</u>